10-3914-ag
Qu v. Holder

BIA
Nelson, IJ
A094 939 048

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of May, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

LI QING QU,
> *Petitioner,*

v.                                         10-3914-ag
                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Li Qing Qu, *Pro Se*, New York, NY

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director, William C. Minick, Office
                       of Immigration Litigation, U.S.
                       Department of Justice, Washington
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Li Qing Qu, a native and citizen of the People's Republic of China, seeks review of the August 27, 2010, order of the BIA affirming the October 23, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Qing Qu*, No. A094 939 048 (B.I.A. Aug. 27, 2010), *aff'g* No. A094 939 048 (Immig. Ct. N.Y. City Oct. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency's adverse credibility determination is based on substantial evidence given inconsistencies in and among Qu's testimony, credible fear interview, and written

2

application.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167.  For example, Qu's testimony that she was forced to undergo an abortion in December 2007 was inconsistent with the statements in her written application and credible fear interview that the forced abortion occurred in December 2006.  Furthermore, she testified inconsistently as to when the Chinese family planning officials came to her home, and gave implausible testimony that, at only one month pregnant, her neighbors reported her to those officials because her "belly was big."

Given these inconsistencies, the agency's adverse credibility determination is supported by substantial evidence, 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167, and provided an adequate basis for denying Qu's application for asylum, withholding of removal, and CAT relief, *see Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006) (noting that, when asylum, withholding of removal, and CAT relief, are based on the same factual assertions, an adverse credibility finding regarding those assertions forecloses all forms of relief).

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

3